Filed 5/29/13

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES ALDEN LOPER,<br><br>    Defendant and Appellant. | D062693<br><br><br><br>(Super. Ct. No. SCD225263) |

APPEAL from an order of the Superior Court of San Diego County, Laura H.

Parsky, Judge.  Appeal dismissed.


Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Plaintiff

and Respondent.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Lise S.

Jacobson, Deputy Attorneys General, for Defendant and Appellant.

James Alden Loper appeals from the trial court's order denying a request for recall

of his sentence which was initiated by the Department of Corrections and Rehabilitation

(the Department) under the compassionate release provision set forth in Penal Code section 1170, subdivision (e).[1]  As we will explain, we conclude that the trial court's order is not appealable by Loper, and we accordingly dismiss the appeal.

I

FACTUAL AND PROCEDURAL BACKGROUND

Loper, who was born in 1953, pled guilty in 2010 to making a misrepresentation of fact in violation of Insurance Code section 11880, subdivision (a), and he admitted allegations that his crime involved a pattern of felony conduct resulting in a loss of more than $100,000 (§ 186.11, subd. (a)(3)) and that he had incurred a prior strike (§ 667, subds. (b)-(i)).  The trial court sentenced Loper to a six-year prison term.

In May 2012, medical personnel at Richard J. Donovan Correctional Facility issued an internal request to obtain compassionate release for Loper pursuant to the procedure set forth in section 1170, subdivision (e).  That provision gives the trial court the discretion — upon application of the Department or the Board of Parole Hearings — to recall the sentence of certain terminally ill or permanently medically incapacitated prisoners who meet the statutory criteria.[2]  The internal request stated that Loper had

---

[1]  Unless otherwise specified all further statutory references are to the Penal Code.

[2]  Section 1170, subdivision (e)(2) provides:  "The court shall have the discretion to resentence or recall if the court finds that the facts described in subparagraphs (A) and (B) or subparagraphs (B) and (C) exist:  [¶]  (A) The prisoner is terminally ill with an incurable condition caused by an illness or disease that would produce death within six months, as determined by a physician employed by the department.  [¶]  (B) The conditions under which the prisoner would be released or receive treatment do not pose a threat to public safety.  [¶]  (C) The prisoner is permanently medically incapacitated with

2

"uncontrolled hypertension, advanced chronic obstructive pulmonary disease (COPD) and severe coronary artery disease." According to the internal request, Loper was currently able to perform all activities of daily living and was housed in an outpatient setting, but his "life expectancy is short and possibly less than 6 months," and "[h]e is at increased risk for sudden cardiac death[,]" with his "condition . . . likely to worsen." In response to the internal request, the Department issued a diagnostic study on June 21, 2012.

On August 14, 2012, the Department's undersecretary of operations sent a letter to the trial court, enclosing the diagnostic study and recommending that Loper's prison commitment and sentence be recalled under section 1170, subdivision (e).

Pursuant to section 1170, subdivision (e)(3), the trial court held a hearing on August 24, 2012.[3] At the hearing, the trial court ordered the Department to provide additional information consisting of: "An update on Mr. Loper's condition; An opinion from a doctor of the [Department] as to whether Mr. Loper's illness would produce death within six months; What treatment is available for Mr. Loper; What, if any, treatment

a medical condition that renders him or her permanently unable to perform activities of basic daily living, and results in the prisoner requiring 24-hour total care, including, but not limited to, coma, persistent vegetative state, brain death, ventilator-dependency, loss of control of muscular or neurological function, and that incapacitation did not exist at the time of the original sentencing."

[3] Loper waived his right of personal presence, and appointed counsel appeared for Loper at the relevant hearings.

Mr. Loper refused while in prison and how that refusal may have affected his current condition; [and] . . . a more extensive release plan . . . ."

The chief medical executive at Richard J. Donovan Correctional Facility sent a letter to the trial court on September 12, 2012, in response to the court's request. According to the letter, Loper's condition "remain[ed] stable," his hypertension had improved, he was "not presenting with any symptoms suggestive for acute congestive heart failure," but was "an ill individual with disease processes that will continue to progress, despite treatment, leading to his eventual demise." With respect to Loper's life expectancy, the letter stated that "[h]is current status does not indicate for or against a prognosis of less than six months to live."

The trial court held another hearing on September 14, 2012, at which it denied the request to recall Loper's sentence because the statutory requirements were not met. As the trial court explained, "there is an insufficient showing for the court to make the findings required under . . . section 1170(e)(2)(A), specifically that the prisoner has an incurable condition caused by illness or disease that will produce death within six months as determined by a department physician."

Loper filed a notice of appeal from the trial court's order denying the recall of his sentence. Loper's appellate brief argues that the trial court misunderstood or misapplied the applicable statutory criteria.

II

DISCUSSION

The Attorney General argues that the order denying the recall of Loper's sentence is not an order appealable by Loper and advocates that we dismiss the appeal. As we will explain, we agree.

"'"It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute."'" (*People v. Totari* (2002) 28 Cal.4th 876, 881.) As relevant here, a defendant may appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) Therefore, Loper may appeal from the order denying recall of his sentence only if that order affects his substantial rights.

If interpreted broadly, the phrase "affecting the substantial rights of the party" in section 1237, subdivision (b) "would apply to any postjudgment attack upon the conviction or sentence" because "[t]he court's denial of relief in any such situation could affect the defendant's substantial rights. However, decisional authority has limited the scope of the phrase, defining appealability more narrowly." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 980.) Neither the parties, nor our own research, has revealed any opinion directly addressing whether a party's substantial rights are affected by an order denying a recall of a sentence under the compassionate release provisions set forth in section 1170, subdivision (e). However, case law holds that an order denying a recall of a sentence under a similar provision — section 1170, subdivision (d)(1) — is *not*

5

appealable.[4]  As we will explain, we find the reasoning of that case law to be persuasive here.

Specifically, section 1170, subdivision (d)(1) states that "[w]hen a defendant . . . has been sentenced to be imprisoned in the state prison and has been committed to the custody of the secretary, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced . . . ." As courts have pointed out when analyzing whether an order denying recall of a sentence under section 1170, subdivision (d) affects a party's substantial rights, the statute does not give *the defendant* the right to initiate a court proceeding for recall of the sentence. Instead, a recall of the sentence is initiated either on the court's own motion or by recommendation of the secretary or the Board of Parole Hearings.  (§ 1170, subd. (d)(1).) "Consequently, the courts have uniformly held that an order *denying* a defendant's request to resentence pursuant to section 1170, subdivision (d) is not appealable as an order affecting the substantial rights of the party.  This is because the defendant has no right to request such an order in the first instance; consequently, his 'substantial rights' cannot be affected by an order denying that which he had no right to request." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194 [citing cases] (*Pritchett*).)

---

4     We note that section 1170, subdivision (d) was amended, effective January 1, 2013, to add an additional subdivision.  (Stats. 2012, ch. 828, § 1.)  The current text of section 1170, subdivision (d)(1) was formerly referred to as section 1170, subdivision (d).

For the purpose of our analysis, the procedure for recalling a sentence under section 1170, subdivision (e) shares a crucial similarity with the procedure for recalling a sentence under a section 1170, subdivision (d)(1). As under section 1170, subdivision (d)(1), a defendant has no right to apply to the court for an order recalling the sentence on compassionate release grounds pursuant to section 1170, subdivision (e). Instead, such proceedings may only be initiated by the Department or the Board of Parole Hearings. (§ 1170, subd. (e)(1).)[5] Because Loper's substantial rights are not affected by the trial court's order denying recall of his sentence under section 1170, subdivision (e), Loper may not appeal from the order.

Loper presents two arguments in support of appealability, neither of which are persuasive.

First, Loper suggests that in analyzing whether his substantial rights are affected by the trial court's order denying the sentence recall, we should look to case law discussing whether a party has constitutional standing to bring a lawsuit. Specifically, Loper argues that we should look to whether he has a beneficial interest in the controversy, and "has either suffered or is about to suffer an injury of sufficient magnitude." (*County of San Diego v. San Diego NORML* (2008) 165 Cal.App.4th 798, 814, italics omitted.) We reject Loper's argument because it is contrary to the approach

---

[5]     Specifically, the statute provides that "the secretary [of the Department] or the Board of Parole Hearings . . . may recommend to the court that the prisoner's sentence be recalled." (§ 1170, subd. (e)(1).) The only role that the defendant can play in initiating the compassionate release process is *internally* within the prison by contacting the prison's chief medical officer or the secretary of the Department to try to obtain a recommendation for compassionate release from them. (§ 1170, subd. (e)(6).)

in *Pritchett*, *supra*, 20 Cal.App.4th 190, and the cases it cites, where the inquiry was *not* whether the defendant would suffer injury if the defendant's sentence recall was denied, but rather whether the defendant had a right to *request* the relief that the trial court denied. Here, as in *Pritchett*, the applicable statutory provision simply does not give the defendant the right to request recall of his sentence, and, as in *Pritchett*, that fact is dispositive of whether the defendant's substantial rights are affected.

Next, Loper argues that cases interpreting section 1170, subdivision (d)(1) are not relevant here because of differences between that statute and section 1170, subdivision (e). He argues that (1) the two statutes "serve very different core purposes and functions," in that one focuses on compassionate release and the other focuses on correcting errors in the original sentence; (2) under section 1170, subdivision (d)(1), a trial court has a 120-day deadline to recall a sentence, but that no such deadline exists in the compassionate release provision of section 1170, subdivision (e); and (3) the facts of *Pritchett* are distinguishable because in that case, the trial court granted the defendant's request to recall his sentence for the purpose of avoiding the time limit for filing an appeal. (*Pritchett*, *supra*, 20 Cal.App.4th at pp. 192-193.) We do not find any of Loper's attempted distinctions to be relevant. As we have explained, the fundamental legal principle expressed in *Pritchett* and the cases it cites is that a defendant's substantial rights are not affected by denial of an order for a sentence recall under section 1170, subdivision (d)(1) because the defendant had no legal right to request the order in the first place. That principle is equally applicable here where Loper had no right in the first place to request a recall of his sentence under section 1170, subdivision (e).

8

When a defendant appeals from a postjudgment order that is not appealable, the proper procedure is to dismiss the appeal. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726-1727.) Accordingly we dismiss Loper's appeal.

## DISPOSITION

The appeal is dismissed.

                                    IRION, J.

WE CONCUR:

          McCONNELL, P. J.

          O'ROURKE, J.