Filed 6/11/21  P. v. Serrato CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE MARIA SERRATO,<br><br>    Defendant and Appellant. | F081066<br><br>(Super. Ct. No. CR-19-005080)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Patrick J. Hennessey, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P.J., Smith, J. and Meehan, J.

Appointed counsel for appellant Jose Maria Serrato asked this Court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Serrato appeals from the trial court's denial of his post-judgment motion to modify his sentence by striking a prior prison term enhancement (Pen. Code,[1] § 667.5) applied to his sentence. Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), which became effective January 1, 2020, amends the circumstances under which a one-year sentence enhancement may be imposed under section 667.5, subdivision (b). The statute was enacted after Serrato's judgment of conviction became final, and therefore, does not apply to his case. We therefore dismiss the appeal.

## BACKGROUND

On July 11, 2019, following a negotiated plea, Serrato was sentenced to an aggregate term of four years in state prison. He received a term of three years for driving under the influence of alcohol with an enhancement for a prior felony conviction (Veh. Code, §§ 23152, subd. (b), 23550, subd. (a)), and a one-year term for a prior prison term enhancement (§ 667.5, subd. (b)). In view of his plea, a prior strike conviction was stricken.

On October 8, 2019, Governor Newsom signed Senate Bill No. 136 into law. Under the statute, a one-year prior prison term enhancement will only apply if a defendant served the prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (See Stats. 2019, ch. 590, § 1.) The statute became effective on January 1, 2020. (Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).)

---

[1] All undefined statutory citations are to the Penal Code unless otherwise indicated.

2.

On February 19, 2020, acting in propria persona, Serrato filed a petition for resentencing seeking to have a prior prison term enhancement (§ 667.5, subd. (b)) stricken pursuant to Senate Bill No. 136.

On March 12, 2020, Serrato's motion was denied. The trial court held that pursuant to *People v. Lopez* (2019) 42 Cal.App.5th 337, Serrato was not entitled to relief under Senate Bill No. 136 because his conviction had become final prior to the enactment of the statute.

On April 15, 2020, Serrato filed a timely notice of appeal.

## DISCUSSION

The record does not contain any indication showing Serrato appealed from his original judgment of conviction. As a result, the judgment became final long before Senate Bill No. 136 became effective (see *People v. Lopez*, *supra*, 42 Cal.App.5th at pp. 341-342), and the superior court lacked jurisdiction to grant Serrato relief under the statute.

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) An order made after judgment affecting the defendant's substantial rights is appealable (§ 1237, subd. (b)). However, a defendant's " 'substantial rights' cannot be affected by an order denying that which he had no right to request." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.)

The trial court here did not have jurisdiction to modify Serrato's sentence. Section 1170, subdivision (d) permits a sentencing court to recall a defendant's sentence on the court's own motion, but the trial court only has 120 days from the date of the commitment to do so. This statutory timeframe had already passed when Serrato filed his request to modify his sentence.

If the trial court lacks jurisdiction to rule on motion to vacate or modify sentence, an order denying such a motion is nonappealable, requiring dismissal of the appeal. (*People v.*

*Torres* (2020) 44 Cal.App.5th 1081, 1084.)  Under the circumstances, the trial court here lacked jurisdiction to grant relief, and the appeal must be dismissed.  (See *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326-327 [denial of Senate Bill No. 620 (2017-2018 Reg. Sess.) motion dismissed where trial court lacked jurisdiction to modify the defendant's sentence]; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 [same]; *People v. Alexander* (2020) 45 Cal.App.5th 341, 344 [dismissing an appeal from an order denying the defendant's post-judgment motion to strike enhancements for prior serious felony convictions under Senate Bill No. 1393 (2017-2018 Reg. Sess.), because the trial court lacked jurisdiction to grant the motion].)

Finding no arguable issues upon this record (*Wende*, *supra,* 25 Cal.3d at pp. 441-442), we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.