Filed 7/29/21  P. v. Alvarez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEREMY ALVAREZ et al.,<br><br>    Defendants and Appellants. | B310307<br><br>Los Angeles County<br>Super. Ct. No. VA140624 |

APPEALS from orders of the Superior Court of Los Angeles County, Roger Ito, Judge. Dismissed.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant Jeremy Alvarez.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant Steven Knott.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendants Jeremy Alvarez and Steven Knott appeal the trial court's orders denying their motions for resentencing under Penal Code[1] section 1170, subdivision (d) to enable them to obtain the benefits of the District Attorney's new charging and resentencing policies. After independently reviewing the record we conclude the challenged orders are not appealable and dismiss the appeals.

## BACKGROUND

### 1.    Pleas and Sentencing

In October 2017, Alvarez and Knott were charged with numerous counts and related gang and firearm enhancements. They faced sentences of up to 275 years to life. On the first day of jury selection, March 16, 2020, both defendants entered into plea agreements and pled guilty to several counts and admitted gang and firearm enhancements in return for a stipulated aggregate sentence of 30 years to life for Alvarez, and 50 years to life for Knott. Both defendants also waived and gave up their appellate rights and their ability to challenge their pleas and sentences.

On September 25, 2020, the court sentenced Alvarez to 15 years to life for the count 1 murder conviction, plus additional consecutive terms of five years for the count 6 robbery conviction and 10 years for the section 12022.53, subdivision (b) firearm enhancement. The court sentenced Knott to 25 years to life for the count 1 murder conviction plus an additional consecutive term of 25 years to life for the section 12022.53, subdivision (d)

---

[1] All undesignated statutory references are to the Penal Code.

firearm enhancement. The court imposed concurrent terms on the remaining counts. On April 16, 2021, the court corrected errors in defendants' original sentences to reflect the parties' plea agreements. The corrections were not substantive and both defendants, through their counsel, agreed to the changes.

**2.     The Section 1170, subdivision (d) Motions and Appeals**

On December 28, 2020, Alvarez moved under section 1170, subdivision (d) to strike the section 12022.53, subdivision (b) firearm enhancement imposed with his count 6 robbery conviction. Alvarez argued the court had the authority to resentence him and should do so because, effective December 8, 2020, District Attorney George Gascon adopted new charging and resentencing polices. On January 8, 2021, Knott filed a joinder to Alvarez's request as it pertained to Knott's section 12022.53, subdivision (d) firearm enhancement imposed with his count 1 murder conviction.

On January 12, 2021, the court summarily denied both motions. In its minute orders, the court explained that relief under section 1170, subdivision (d) could only be sought by the court on its own motion, the District Attorney, the Secretary of the Board of Parole Hearings, or the County Correctional Administrator. Alvarez requested and received a certificate of probable cause allowing him to challenge the court's ruling on appeal. Knott did not request or receive a certificate of probable cause.

Defendants filed timely notices of appeal and we appointed counsel to represent them. Appointed counsel filed briefs in which they raised no issues and asked us to asked us to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436. We notified defendants that their attorneys had filed briefs

3

that raised no issues and that they could submit by brief or letter any grounds for an appeal, or contentions or arguments they wished this court to consider. To date, we have not received a response from either defendant.

## DISCUSSION

" 'An order made after judgment affecting a defendant's substantial rights is appealable. (§ 1237, subd. (b).) However, once a judgment is rendered, except for limited statutory exceptions (§§ 1170.126, 1170.18), the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the provisions of section 1170, subdivision (d). [Citation.] Section 1170, subdivision (d), allows a sentencing court … to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. [Citation.] Indeed, "the court loses 'own-motion' jurisdiction if it fails to recall a sentence within 120 days of the original commitment." ' " (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*).)

Here, Alvarez and Knott made their motions under the provision allowing a court to recall a sentence on its own motion and resentence a defendant within 120 days of the date of commitment. (§ 1170, subd. (d)(1).) This section also allows certain parties other than the court to initiate recall and resentencing proceedings at any time, including the Board of Parole Hearings, the county correctional administrator, or the district attorney. (§ 1170, subd. (d)(1).) Section 1170, subdivision(d)(1), however, does not permit the inmate to move for recall and resentencing. "Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193.)

4

"Consequently, the courts have uniformly held that an order denying a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party ... because the defendant has no right to request such an order in the first instance[.]" (*Id.* at p. 194, italics omitted.) It follows that we lack the authority to render a decision on the merits of defendants' claims. (See *Hernandez, supra,* 34 Cal.App.5th at p. 326.)

We also note that both defendants waived their appellate rights in their plea agreements, and appellate waivers contained within plea agreements are generally enforceable. "Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement." (*People v. Panizzon* (1996) 13 Cal.4th 68, 80.) "The benefits of a plea agreement would be eliminated if courts disallowed the waiver of the right of appeal to which the parties have agreed. [Citation.]" (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1658.) In this case, Alvarez and Knott clearly waived their right to appeal their sentences and those waivers extended to their challenges to the imposition of the firearm enhancements.

5

## DISPOSITION

We have examined the entire record, and are satisfied defendants' appellate counsel have fully complied with their responsibilities and no arguable issues exist in the appeals before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende*, *supra*, 25 Cal.3d at p. 443.) The appeals are dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

HILL, J.*

---

* Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.