Filed 12/21/23  P. v. Lopez CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080979 |
| v. | (Super.Ct.No. FWV21002678) |
| JOSE FELIX LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Dismissed.

Jose Felix Lopez, in propria persona; and Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Jose Felix Lopez appeals the denial of his Penal Code section 1172.1[1] petition for resentencing. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Lopez filed his own supplemental brief. Because we lack jurisdiction to consider his appeal, we dismiss.

BACKGROUND

In 2022 Lopez pled guilty to second degree robbery (§ 211) and admitted he used a firearm (§ 12022.5, subd. (a).) The court sentenced him according to the terms of his plea bargain to five years for the robbery and a consecutive four years for the firearm enhancement.

In 2023 Lopez filed a petition for resentencing under section 1172.1. The court denied this petition a little less than a month later. Lopez appealed.

ANALYSIS

On Lopez's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende*[2] if appellate counsel cannot identify any arguable issues. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231.) However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

2

is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) Here, after appellate counsel filed a brief notifying us Lopez's appeal presented no arguable issues, we offered Lopez an opportunity to file a personal supplemental brief, and he did so.

Section 1172.1 came into existence on June 30, 2022, after two changes to its numbering. Substantially similar provisions were originally contained in section 1170, subdivision (d). (*People v. Braggs* (2022) 85 Cal.App.5th 809, 817-818.) On January 1, 2022, the Legislature moved the recall and resentencing provisions of section 1170, subdivision (d)(1), to new section 1170.03. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038.) Then, effective June 30, 2022, "[t]he Legislature . . . renumbered section 1170.03 to section 1172.1, but made no substantive changes." (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2.)

Under section 1172.1, a "court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1).) Thus, only a court, the Secretary of the Department of Corrections and Rehabilitation, the Board of

Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General may recommend or otherwise seek resentencing under section 1172.1. The statute does not authorize the defendant themselves to recommend or seek resentencing.

Because of this, courts considering former section 1170, subdivision (d)(1), which used to contain the resentencing provisions now contained in section 1172.1, have held that it did not permit the inmate to move for recall and resentencing. "Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193.) "Consequently, the courts have uniformly held that an order denying a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance." (*Id.* at p. 194, italics omitted.)

It follows that we lack the authority to render a decision on the merits of appeals from a defendant's attempt to seek resentencing under section 1172.1. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) Accordingly, we dismiss the appeal.

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL\
J.

I concur:

FIELDS\
J.

[*People v. Lopez*, E080979]

RAMIREZ, P.J.

      I respectfully dissent.  Our Supreme Court has afforded reviewing courts discretion with respect to the disposition of postconviction appeals in which appointed appellate counsel has filed a no-issues brief.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)  I would exercise that discretion to conduct an independent review of the record.

RAMIREZ
P. J.