Filed 7/31/24  P. v. Ricks CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

BRYAN SCOTT RICKS,

    Defendant and Appellant.

E083477

(Super. Ct. No. FSB19001891)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Dismissed.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Bryan Scott Ricks appeals the trial court's postjudgment order denying his request for recall and resentencing pursuant to Penal Code section

1

1172.1[1] and Assembly Bill No. 600.  Appointed counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has done so.  After considering the arguments raised in defendant's supplemental brief, and exercising our discretion to conduct an independent review of the record, we dismiss the appeal.  (*Delgadillo*, *supra*, at pp. 231-232.)

## II.

## PROCEDURAL BACKGROUND

On October 3, 2019, an information was filed charging defendant with second degree robbery (§ 211; count 1), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 2), and evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 3).  The information further alleged that in the commission of the robbery defendant personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).  The information also alleged that defendant had suffered four prior prison terms (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667, subd. (a)(1)), and two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).

On November 1, 2019, defendant pled no contest to second degree robbery (count 1) and admitting that he had sustained one prior serious felony conviction and one prior

---

[1] All future statutory references are to the Penal Code.

strike conviction. In return, the remaining charges and enhancement allegations were dismissed, and defendant was sentenced to a stipulated term of 15 years in prison (the aggravated term of five years on count 1, doubled to 10 years due to the prior strike plus five years for the prior serious felony conviction).

On February 23, 2024, defendant personally filed a request to recall and for resentencing pursuant to Assembly Bill No. 600 and section 1172.1.

On February 26, 2024, after reviewing defendant's request for relief, the court denied the request. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. Defendant argues that neither his trial attorney nor the trial court advised him of Senate Bill No. 1393, which allows a trial court to strike prior serious felony convictions, he is entitled to resentencing under Senate Bill No. 567 to a middle term

3

sentence, the trial court erred in failing to appoint him counsel; and the trial court erred in denying his section 1172.1 request for resentencing.

Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues" but may do so at our discretion. (*Ibid.* ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal."]) Although *Delgadillo* involved a section 1172.6 petition, we find its reasoning applicable in this case from a denial of a section 1172.1 petition.

Section 1172.1 came into existence on June 30, 2022, after two changes to its numbering. Substantially similar provisions were originally contained in section 1170, subdivision (d). (*People v. Braggs* (2022) 85 Cal.App.5th 809, 817-818.) On January 1, 2022, the Legislature moved the recall and resentencing provisions of section 1170, subdivision (d)(1), to new section 1170.03. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038.) Then, effective June 30, 2022, "[t]he Legislature . . . renumbered section 1170.03 to section 1172.1, but made no substantive changes." (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2.)

Once a criminal judgment becomes final, courts no longer have jurisdiction to vacate or modify a sentence absent an exception to the jurisdictional bar. (*People v.*

4

*Burgess* (2022) 86 Cal.App.5th 375, 381; see *People v. King* (2022) 77 Cal.App.5th 629, 634.)  There are limited exceptions to this general rule.  For instance, the trial court retains jurisdiction to resentence a defendant where "specific statutory avenues" authorize defendants to seek resentencing.  (*People v. King*, *supra*, at p. 637.)  However, as explained below, section 1172.1 does not authorize a defendant to seek resentencing on his or her own motion or petition.  (§ 1172.1, subd. (a)(1); *People v. Braggs*, *supra*, 85 Cal.App.5th at p. 818.)

Under section 1172.1, a "court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ."  (§ 1172.1, subd. (a)(1).)  Thus, only a court, the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General may recommend or otherwise seek resentencing under section 1172.1.  The statute does not authorize the defendant themselves to recommend or seek resentencing.

5

Because of this, courts considering former section 1170, subdivision (d)(1), which used to contain the resentencing provisions now contained in section 1172.1, have held that it did not permit the inmate to move for recall and resentencing. "Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193.) "Consequently, the courts have uniformly held that an order denying a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance." (*Id*. at p. 194, italics omitted.)

Hence, the trial court did not have jurisdiction to modify defendant's sentence on his own motion. (See § 1172.1, subd. (a)(1); *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1724-1726.) It follows that we lack the authority to render a decision on the merits of appeals from a defendant's attempt to seek resentencing under section 1172.1. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) Since the court lacked jurisdiction when it denied defendant's petition, denial of the petition could not have affected his substantial rights. (*People v. Chlad*, *supra*, at pp. 1725-1726; *People v. Hodges* (2023) 92 Cal.App.5th 186, 190.) Accordingly, the order denying defendant's petition for resentencing is not an appealable order, and the appeal must be dismissed. (*People v. Chlad*, *supra*, at p. 1725; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

IV.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

MILLER

J.