[No. A060122. First Dist., Div. Three. Nov. 19, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY DALE PRITCHETT, Defendant and Appellant.

## COUNSEL

Catherine Aragon, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General,

Richard Rochman and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Defendant Larry Dale Pritchett appeals from an order which "recalled" his sentence pursuant to Penal Code[1] section 1170, subdivision (d) and reinstated the precise sentence he had originally received. Because the appeal has been taken from a nonappealable order, we dismiss.

### FACTS AND PROCEDURE

The facts adduced at trial established that defendant used a sawed-off shotgun as a club to beat his former girlfriend. Based on this evidence, the jury convicted defendant of possessing a sawed-off shotgun (§ 12020, subd. (a)) and assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)). The jury also found defendant had personally used a firearm within the meaning of section 12022.5, subdivision (a) in connection with the possession count.

On August 24, 1992, the trial court sentenced defendant to the mitigated term of 16 months for the shotgun possession charge, imposed a 3-year consecutive term for the firearm use enhancement, and imposed a concurrent sentence for the assault. Thus, defendant's total prison term was four years and four months.

Defendant did not appeal from the original sentence and permitted the 60-day period for filing such an appeal to expire. (Cal. Rules of Court, rule 31(a).) However, on December 21, 1992—119 days after sentence was imposed—defendant's trial counsel asked the lower court to recall defendant's sentence pursuant to section 1170, subdivision (d).[2] In particular, defense counsel asked the court to sentence defendant to a total term of three years by imposing the aggravated term for the shotgun possession charge

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]Section 1170, subdivision (d) provides: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The resentence under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. Credit shall be given for time served."

while staying the firearm use enhancement. *Alternatively*, defense counsel asked the court to recall the sentence and to reimpose the *precise sentence* the court had imposed on August 24, 1992. Defense counsel explained he was making this alternative request because "I did not file an appeal, but then since he would be resentenced at this time, I would then ask someone [presumably the Court of Appeal] to take a look at this." The trial judge refused to reduce defendant's prison term, but with the prosecutor's consent he did "resentence" defendant to the *same* sentence imposed on August 24, 1992, with credit for the additional time served.

On December 24, 1992, defendant filed a notice of appeal from the court's December 21 order.

## DISCUSSION

The People contend—and we agree—that defendant may not extend the time for filing a notice of appeal by asking the court to "resentence" him to the same sentence he originally received.

Section 1237 permits a defendant to appeal in two circumstances: (1) from a "final judgment of conviction"; or (2) from any order made after judgment which affects the substantial rights of the party.[3]

Defendant failed to file a timely appeal from the sentence (final judgment) entered on August 24, 1992. Thus, his appeal is cognizable only if we find that the court's order of December 21, 1992, is a "final judgment of conviction" or an "order made after judgment, affecting the substantial rights of the party." We address these two points in reverse order.

First, the December 21 order is *not* an "order made after judgment, affecting the substantial rights of the party." Section 1170 subdivision (d) does not confer standing on a defendant to initiate a motion to recall a sentence. Instead, that section permits a court to recall a sentence "on its *own* motion." (§ 1170, subd. (d), italics added; *People* v. *Chlad* (1992) 6 Cal.App.4th 1719, 1725 [8 Cal.Rptr.2d 610]; *People* v. *Gainer* (1982) 133 Cal.App.3d 636, 641 [184 Cal.Rptr. 120]; *People* v. *Niren* (1978) 76

---

[3]Section 1237 provides in full: "An appeal may be taken by the defendant: [¶] (a) From a final judgment of conviction except as provided in Section 1237.5. A sentence, an order granting probation, or the commitment of a defendant for insanity, the indeterminate commitment of a defendant as a mentally disordered sex offender, or the commitment of a defendant for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment the court may review any order denying a motion for a new trial. [¶] (b) From any order made after judgment, affecting the substantial rights of the party."

Cal.App.3d 850, 851 [143 Cal.Rptr. 130].) Consequently, the courts have uniformly held that an order *denying* a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party. This is because the defendant has no right to request such an order in the first instance; consequently, his "substantial rights" cannot be affected by an order denying that which he had no right to request. (*Chlad, supra*, at pp. 1725-1726; *Gainer, supra*, at pp. 641-642; *People* v. *Druschel* (1982) 132 Cal.App.3d 667, 669 [183 Cal.Rptr. 348]; *Niren, supra*, at p. 851.)

Similarly, we do not see how a defendant's substantial rights are affected when a court *grants* (through its own good graces) a defendant's request to resentence pursuant to section 1170, subdivision (d). It would be anomalous to hold that a defendant's substantial rights are affected by an order *granting* this request, but not by an order denying the request. Moreover, the December 21 order imposed the same sentence defendant received at the original sentencing hearing. Thus, his position did not change after the resentencing order. In sum, the December 21 resentencing order did not affect defendant's substantial rights.

Second, given the unique circumstances of this case, we do not believe the December 21 order is a "final judgment of conviction." Defendant's argument to the contrary is purely semantic. Section 1237, subdivision (a) does state that "[a] *sentence*, an order granting probation" and certain other forms of commitment "shall be deemed to be a final judgment within the meaning of this section." (Italics added.) He argues that the December 21 order is a "sentence" and is therefore appealable as a final judgment. We find that, in the unique circumstances of this case, the December 21 order did not constitute an appealable sentence and was in fact a nullity.

■ The recall provisions of section 1170, subdivision (d) were not designed to permit a court to extend the time within which a defendant may file a notice of appeal. Instead, section 1170, subdivision (d) permits the sentencing court to recall a sentence only for reasons "rationally related to lawful sentencing." (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 456 [279 Cal.Rptr. 834, 807 P.2d 1063]; *People* v. *Karaman* (1992) 4 Cal.4th 335, 351 [14 Cal.Rptr.2d 801, 842 P.2d 100].) In effect, the section creates a limited exception to the common law rule that a trial court *loses jurisdiction* to resentence once the defendant commences his or her sentence. (*Karaman, supra*, at pp. 351-352; *Portillo* v. *Superior Court* (1992) 10 Cal.App.4th 1829, 1835 [13 Cal.Rptr.2d 709].) ■ Here, the trial court did not recall defendant's sentence for a reason rationally related to lawful sentencing; to

the contrary, the court found the sentence completely appropriate.[4] Instead, the court recalled the sentence for the sole purpose of permitting defendant to file a notice of appeal after he had failed to do so within the period provided by law. We believe the trial court abused its discretion when it recalled the sentence for a reason completely unrelated to sentencing; consequently, since it was not acting within the exception established by section 1170, subdivision (d), the court had no "jurisdiction" to recall the sentence, and the purported order of December 21 is a nullity. (See *Karaman, supra*, at pp. 351-352; *Oster* v. *Municipal Court* (1955) 45 Cal.2d 134, 140 [287 P.2d 755]; *Portillo, supra*, at pp. 1829, 1834-1835.)

In sum, the December 21 recall and reimposition of sentence cannot be deemed a "final judgment of conviction" within the meaning of section 1237. Instead, it is merely an attempted restatement of the August 24, 1992, final judgment which had no legal effect.

The appeal is dismissed.

Merrill, J., and Werdegar, J., concurred.

A petition for a rehearing was denied December 7, 1993.

---

[4]In refusing the request to reduce the sentence, the court stated: "Nothing on the face of what I'm looking at here would indicate to me that the sentence should be anything less than what he got."