Filed 7/23/13  P. v. Zingerle CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRADY ZINGERLE,<br><br>　　　　Defendant and Appellant. | B246641<br><br>(Los Angeles County<br>Super. Ct. No. NA089046) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Tomson T. Ong, Judge.  Dismissed.

　　　　California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

Defendant Brady Zingerle appeals from the trial court's denial of his motion to recall his sentence.  (Pen. Code, § 1170, subd. (d).)  Because the denial of such a motion is not appealable, we will dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal is quite sparse.  On January 14, 2013, defendant filed a request for the trial court to recall his sentence pursuant to Penal Code section 1170, subdivision (d).  From the motion, we can determine that defendant was in a drug program pursuant to Proposition 36 (Pen. Code, §1210 et seq.), violated the conditions of his probation, and was sentenced.  Defendant argued that he should not have been ordered to serve time in custody.[1]  On January 17, the trial court denied the motion.  A timely appeal from that denial followed.

## DISCUSSION

Defendant's appointed appellate counsel filed a brief raising no issues and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On April 18, 2003, we sent a letter to defendant advising him of the nature of the brief that had been filed and informing him that he had 30 days within which to file a brief raising any issues that he wished us to consider.  On April 26, we received a letter from defendant.  He argued the sentence he received was too harsh, given his conduct and lack of a serious record.

"[Penal Code] [s]ection 1237 permits a defendant to appeal in two circumstances: (1) from a 'final judgment of conviction'; or (2) from any order made after judgment which affects the substantial rights of the party."  (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193, fn. omitted.)  Defendant's appeal is not from the final judgment.

---

[1]     On February 25, 2013, we received a letter from defendant, wherein he states that he received an eight-year sentence.

2

Indeed, we cannot determine when sentence was imposed. Thus, his appeal is cognizable only if we find that the court's January 17, 2013 order was an "order made after judgment, affecting the substantial rights of the party." (Pen. Code, § 1237, subd. (b).) "[T]he courts have uniformly held that an order *denying* a defendant's request to resentence pursuant to section 1170, subdivision (d) is not appealable as an order affecting the substantial rights of the party. This is because the defendant has no right to request such an order in the first instance; consequently, his 'substantial rights' cannot be affected by an order denying that which he had no right to request. [Citations.]" (*People v. Pritchett*, *supra*, 20 Cal.App.4th at p. 194.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.

3