Filed 8/4/16  P. v. Kirsch CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS KIRSCH,<br><br>　Defendant and Appellant. | 2d Crim. No. B265318<br>(Super. Ct. No. MA062121)<br>(Los Angeles County) |

Appellant Nicholas Kirsch pled no contest to possession for sale of a controlled substance (Health & Saf. Code, § 11351) and admitted four prior prison terms (Pen. Code, § 667.5, subd. (b)).[1]  The trial court sentenced Kirsch to eight years in prison, consisting of four years for the base term and one year for each of the prior prison terms (section 667.5 enhancements), but suspended execution of the sentence and granted probation with terms and conditions including 180 days in jail.

Following passage of section 1170.18 (Proposition 47) by voter initiative in November 2014, Kirsch successfully petitioned for two of the prior felony convictions on which his section 667.5 enhancements were based to be designated as misdemeanors. (§ 1170.18, subd. (g).)  While execution of the previously imposed sentence was

---

[1] All further statutory references are to the Penal Code.

suspended, he moved the trial court to strike those two enhancements. The trial court denied relief, ruling that the changed status of the underlying convictions from felonies to misdemeanors did not render the sentence enhancements invalid. Subsequently, the trial court terminated probation, finding that Kirsch had violated its terms, and ordered execution of the previously suspended eight-year sentence. (§ 1203.2, subd. (c).)

Kirsch contends that the trial court erred by not dismissing the two section 667.5 enhancements for convictions that are now misdemeanors. We affirm.

DISCUSSION[2]

This appeal presents a purely legal issue—whether sentence enhancements validly imposed under section 667.5, subdivision (b), remain valid after the underlying felony convictions are designated as misdemeanors pursuant to Proposition 47. Our review is de novo. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)

Proposition 47 does not apply directly to the instant case, which involves an offense that is ineligible for resentencing. Kirsch contends that Proposition 47 applies indirectly through his prior convictions: "Any felony conviction that is . . . designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes . . . ." (§ 1170.18, subd. (k).) He argues that the trial court "refused to follow this language." The fallacy of his argument is that the trial court did not, as he asserts, "enhanc[e] the sentence with convictions *previously* reduced to misdemeanors." (Italics added.) Rather, he was sentenced when the convictions at issue were felonies. The section 667.5 enhancements were valid at that time. Proposition 47 relief in other cases does not "diminish or abrogate" the existing valid judgment in this case. (§ 1170.18, subd. (n) ["Nothing in [Proposition 47] is intended to diminish or abrogate the finality of judgments in any case not falling within [its] purview"].)

Kirsch mistakenly relies on cases "hold[ing] that a reduction of a conviction to a misdemeanor followed by resentencing, bars any court from later using that conviction to enhance the sentence." The trial court did not impose sentence

---

[2] The relevant facts are set forth in the introduction.

enhancements in this case after his convictions in the two other cases were designated as misdemeanors. It had already done so. The trial court lacked discretion to resentence him when it subsequently terminated probation. "[S]ection 1203.2, subdivision (c), and [California Rules of Court, rule 4.435(b)(2)], by their terms, limit the court's power in situations in which the court chose to impose sentence but suspended its execution pending a term of probation. On revocation of probation, if the court previously had imposed sentence, the sentencing judge must order that exact sentence into effect [citations] . . . ."[3] (*People v. Howard* (1997) 16 Cal.4th 1081, 1088.)

Kirsch also relies on *People v. Park* (2013) 56 Cal.4th 782 (*Park*). Under section 17, subdivision (b)(3), a trial court may declare a "wobbler" offense to be "a misdemeanor for all purposes." Otherwise, "the offense constitutes a felony for all purposes." (*Park*, 56 Cal.4th at p. 802.) *Park* held that "when a wobbler has been reduced to a misdemeanor [under section 17,] the prior conviction does not constitute a prior felony conviction [for the purpose of imposing a sentence enhancement under] section 667(a)." (*Id.* at p. 799.)

Like the other cases Kirsch cites, *Park* involved sentencing that occurred *after* the conviction being used to enhance the sentence had been reduced to a misdemeanor. *Park* explained that the timing of the sentence reduction is crucial: notwithstanding the "for all purposes" language, an order reducing a wobbler to a misdemeanor does not retroactively invalidate sentence enhancements that were valid when imposed. (See *Park*, *supra*, 56 Cal.4th at p. 802 ["There is no dispute that . . . defendant would be subject to the section 667(a) enhancement had he committed and

---

[3] The originally imposed sentence is "subject to its possible recall under section 1170, subdivision (d), *after* [the] defendant has been committed to custody." (*People v. Howard*, *supra*, 16 Cal.4th at p. 1088.) But the defendant, who is not among those authorized to move for recall of the sentence, lacks standing to challenge the trial court's failure to exercise its discretion in that regard. (See *People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.)

3

been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor"].)

Although Kirsch claims he "is not asking for this Court to apply the reductions retroactively," that is exactly the relief he seeks. We cannot provide it. His sentence was valid when imposed and remains so.

DISPOSITION

The order terminating probation and effectuating the previously executed and suspended eight-year sentence is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Daviann L. Mitchell, Judge

Superior Court County of Los Angeles

_____

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Mary Sanchez and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.