Filed 3/7/25  P. v. Pham CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HUNG VAN PHAM,<br><br>    Defendant and Appellant. | G063261, G064073<br><br>(Super. Ct. No. 04WF0034)<br><br>O P I N I O N |

Appeals from orders of the Superior Court of Orange County, Jonathan S. Fish, Judge. Andre Manssourian, Judge. Appeals dismissed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Christoper P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

In this consolidated appeal, defendant Hung Van Pham challenges the summary denial of two separate pro. per. resentencing petitions he filed under Penal Code section 1172.1.[1] We dismiss the appeal involving the first petition because the trial court lacked jurisdiction to consider that petition. And we dismiss the appeal involving the second petition because that petition did not result in an appealable order. However, that does not mean Pham is without recourse to pursue his claim for resentencing. In light of recent amendments to section 1172.1, we conclude Pham may invite the trial court to recall his sentence and resentence him pursuant to that statute.

PROCEDURAL BACKGROUND

In October 2010, Pham pleaded guilty to attempted murder, a crime he committed when he was 24 years old. Pham also admitted personally discharging a firearm and causing great bodily injury to the victim. Per the terms of his plea agreement, the trial court sentenced him to 32 years in prison.

A. *The First Petition and Appeal, G063261*

In September 2023, Pham filed a pro. per. petition for resentencing under section 1172.1. As an attachment to the petition, Pham included a Comprehensive Risk Assessment for the Board of Parole Hearings. The assessment was prepared by a psychologist who interviewed Pham in April 2023.

During the interview, Pham reported that he was neglected and abused while he was growing up in Vietnam and the United States. He said

_____

[1] All further statutory references are to the Penal Code. Former section 1170.03 was recodified without substantive change as section 1172.1 in 2021. (*People v. Salgado* (2022) 82 Cal.App.5th 376, 378, fn. 2.)

2

he also witnessed domestic violence in his family and suffered from food insecurity and bullying during much of his childhood. To obtain a sense of belonging, he eventually joined a gang, which led him down a path of drugs and crime that culminated with his current incarceration.

Despite Pham's childhood circumstances, the trial court summarily denied his petition for resentencing by minute order. The court rejected the petition on procedural grounds because section 1172.1 does not provide a mechanism for a defendant to petition for resentencing on their own behalf. Pham appealed that ruling on October 30, 2023.

### B. The Second Petition and Appeal, G064073

On January 25, 2024, while his first appeal was still pending, Pham filed a second petition for resentencing that included additional documentation. Again, the trial court ruled by minute order alone. The court believed the petition was improper for three reasons. First, the court lacked jurisdiction due to the pendency of Pham's first appeal. Second, since Pham was represented by appointed counsel, he had no right to file the petition on his own. And third, Pham lacked standing to file a pro. per. petition under section 1172.1. However, rather than denying the petition, the trial court took no action on it. Pham filed a notice of appeal on April 24, 2024.

By order dated August 23, 2024, we granted Pham's request to consolidate his appeals and invited the parties to file supplemental briefing on his entitlement to resentencing. Having received that briefing, we now take up Pham's arguments.

### DISCUSSION

Pham urges us to reverse the trial court's orders and remand the matter with directions for the court to consider his petitions on the merits. For the reasons explained below, we find neither order is appealable.

3

However, that finding does not preclude Pham from inviting the trial court to recall his sentence under section 1172.1 and to resentence him pursuant to the terms of that statute.

## I.

### RULES GOVERNING APPEALABILITY

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159; see *People v. Vaesau* (2023) 94 Cal.App.5th 132, 143.) In this case, Pham relies on section 1237, subdivision (b) as the basis for his appeal. That provision allows an appeal to be taken from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).)

However, it is well established that a "trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639; see also *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725.) Therefore, if the trial court did not have the authority to take up Pham's petitions for resentencing, its denial orders are not appealable. (*Ibid.*)

## II.

### THE TRIAL COURT LACKED JURISDICTION TO CONSIDER PHAM'S ORIGINAL RESENTENCING PETITION IN APPEAL NO. G063261

Section 1172.1 sets forth the procedures for recall and resentencing after the defendant has been committed to custody for a felony

offense. At the time Pham filed his first petition, the statute provided in pertinent part:

"When a defendant . . . has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . ., the court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, . . . [or] the district attorney of the county in which the defendant was sentenced, . . . recall the sentence and commitment previously ordered and resentence the defendant . . . as if they had not previously been sentenced[.]" (Former § 1172.1, subd. (a)(1); Stats. 2022, ch. 58, § 9.)

Under this version of the statute, the trial court lost jurisdiction to recall Pham's sentence on its own motion 120 days after he was committed to prison. And there was no mechanism for Pham to personally petition for recall. Rather, recall had to be initiated by one of the authorities identified in the statute. (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 193 (*Prichett*).)

Therefore, the trial court's order denying Pham's initial request for recall was "not appealable as an order affecting [his] substantial rights . . . . This is because [Pham] ha[d] no right to request such an order in the first instance; consequently, his 'substantial rights' [were not] affected by an order denying that which he had no right to request." (*Pritchett, supra*, 20 Cal.App.4th at p. 194; accord, *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085; *People v. Magana* (2021) 63 Cal.App.5th 1120, 1127–1128; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.) Accordingly, we will dismiss Pham's challenge to that order in appeal No. G063261.

5

III.

### THE RECENT AMENDMENTS TO SECTION 1172.1

Effective January 1, 2024, section 1172.1 made it explicitly clear that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) This amendment confirms Pham's first petition was insufficient to invoke the jurisdiction of the trial court. Although the Legislature intended for section 1172.1 to provide meaningful resentencing relief in appropriate cases (Assem. Bill No. 600 (2023-2024 Reg. Sess.) § 1, subd. (d)) [uncodified legislative findings], pro. per. petitions are simply not permitted under the statute.

Nevertheless, Pham claims the order denying his second petition should be deemed to be appealable because, in amending section 1172.1, the Legislature made an additional change to the statute. Namely, the Legislature amended the statute to allow the trial court to recall a sentence on its own motion "at any time" if the governing sentencing laws were changed in the defendant's favor following the imposition of his original sentence. (§ 1172.1, subd. (a).)[2]

---

[2] The amended statute states that, after a defendant has been committed to prison, "the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, [or] at any time upon the recommendation of [an enumerated authority] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. . . ." (§ 1172.1, subd. (a).)

In this case, the legal development that prompted Pham's resentencing petitions is the enactment of section 1016.7, which became law a decade after he pleaded guilty. (Stats. 2021, ch. 695, § 4.) That provision requires prosecutors engaged in plea bargaining to consider whether the defendant's youth or childhood trauma may have contributed to the commission of his offense. (§ 1016.7, subd. (a)(1), (2).)

However, even though this development provided the trial court with a justification for recalling Pham's sentence under newly amended section 1172.1, subdivision (a), the court did not do that. In fact, the court did not take any action on the petition. The court's decision *not* to act on the petition was entirely proper, given that Pham did not have the right to file the petition in the first place. Indeed, as our colleagues in the Second District recently noted in *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), section 1172.1, subdivision (c) "excuses the trial court from any responsibility to rule on [an unauthorized resentencing] request, or even to respond." (*Hodge* at p. 996.)

This provision also has implications for the issue of appealability. *Hodge* reasoned that since trial courts are free to ignore a pro. per. request for resentencing under section 1172.1, subdivision (c), "[i]t follows that a defendant who chooses to file [such a] request [] has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Hodge, supra*, 107 Cal.App.5th at p. 996.) Therefore, under *Hodge*, that choice does not

7

constitute an appealable order for purposes of section 1237, subdivision (b). (*Hodge,* at p. 996*Ibid.*)

In February 2025, the *Hodge* decision was examined by the Fifth District Court of Appeal in *People v. Chatman* (2025) 108 Cal.App.5th 650 (*Chatman*). *Chatman* recognized the trial court has no duty to rule on a petition for resentencing under section 1172.1. (*Chatman,* at p. 659.) However, in *Chatman*, the trial court actually denied the defendant's petition, based on lack of jurisdiction. (*Id.* at pp. 656, 659.) Because the court chose to act by issuing an order denying relief, *Chatman* ruled the order was appealable. (*Id.* at pp. 659–661.)

In support of that ruling, *Chatman* relied on *People v. Loper, supra,* 60 Cal.4th 1155 and *People v. Carmony* (2004) 33 Cal.4th 367 (*Carmony*), which deemed the orders at issue in those cases appealable even though the defendant did not personally have the right to seek the relief requested. (*Chatman, supra*, 108 Cal.App.5th at pp. 659–660.) *Chatman* construed these cases as permitting a pro. per. defendant to appeal an order affirmatively denying a request for resentencing under section 1172.1. (*Chatman.* at pp. 659–664.)

In so doing, *Chatman* was critical of *Hodge* for deeming the trial court's order nonappealable in that case. That is because the trial court in *Hodge* actually made an affirmative decision not to recall the defendant's sentence. (See *Hodge, supra*, 107 Cal.App.5th at p. 991.) However, *Chatman* also made it clear that, "The posture of such a case is distinct from that in which a court fails to rule on the request as permitted by section 1172.1, subdivision (c)." (*Chatman, supra,* 108 Cal.App.5th at p. 664.) This suggests that *Chatman*, like *Hodge*, would not permit an appeal when the trial court

8

fails to take action on the defendant's request for resentencing (*Hodge, supra*, 107 Cal.App.5th at p. 996.)

And that is precisely what the trial court did in the present case after assessing Pham's second resentencing petition. As part of the assessment process, the court did cite various reasons for why it believed the petition was improper. However, in contrast to *Chatman*, the court did not affirmatively deny the petition for those reasons. Instead, it ultimately decided not to take any action on the petition. For the reasons explained in *Hodge*, that decision does not constitute an appealable order, and therefore Pham's appeal from that decision must be dismissed.

We note, however, there is nothing in section 1172.1 that precludes a defendant from *inviting* the trial court to exercise its authority to recall his or her sentence. So, if Pham wants to pursue that avenue for relief, he has every right to do so. (Cf. *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497; *People v. Carmony, supra,* 33 Cal.4th at p. 375 ["A defendant has no right to make a motion, and the trial court has no obligation to make a ruling under section 1385. But he or she does have the right to 'invite the court to exercise its power'"].) We express no opinion on how the trial court should treat any such invitation.

## DISPOSITION

Pham's appeals in appeal No. G063261 and appeal No. G064073 are dismissed. The dismissals are without prejudice to Pham's right to invite the trial court to exercise its authority to recall his sentence and resentence him pursuant to section 1172.1.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.