Filed 7/15/25  P. v. Hamilton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100425 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE002450) |
| v. | |
| DAVID ROSS HAMILTON, | |
| Defendant and Appellant. | |

Defendant David Ross Hamilton filed a notice of appeal from a trial court order denying his motion for resentencing under Penal Code[1] sections 1170, 1171, and 1172 and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) and claim for relief under the Racial Justice Act (§ 745).  We conclude that the trial court's order was not appealable, and we therefore dismiss the appeal.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## LEGAL AND PROCEDURAL BACKGROUND

In 2017, Hamilton pled no contest to one count of forcible rape (§ 261, subd. (a)(2)) and admitted an allegation that the rape occurred during a burglary (see § 667.61, subd. (e)(2)) as well as an allegation that he had suffered a prior strike conviction for burglary (§§ 667, subds. (b)-(i), 1192.7, subd. (c)). The court imposed a stipulated sentence of 30 years to life, pursuant to the "One Strike" and "Three Strikes" laws. The underlying facts for the conviction and sentencing-related allegations are not relevant to the instant appeal.

On January 5, 2024, Hamilton filed a "Petition for Resentencing Pursuant All Applicable Sections of Penal Code §1170, §1171, §1172, and Assembly Bill 1540 (2021)." The motion referenced several legislative enactments in support of his petition, including Assembly Bill Nos. 256 (2021-2022 Reg. Sess.) and 2542 (2019-2020 Reg. Sess.),[2] both of which pertain to section 745, which authorizes those contending that unlawful discrimination tainted their criminal trials or sentences to file habeas corpus petitions or postconviction motions for relief (see §§ 745, 1473).

On January 26, 2024, the trial court denied the motion, finding that many of the cited provisions did not apply retroactively to preexisting, final judgments such as Hamilton's, and therefore the court had no authority to recall his sentence or resentence him under those provisions. The court further found that to the extent it did have jurisdiction to consider Hamilton's petition, "none of the cited enactments alter an indeterminate sentence imposed for rape committed in the course of a burglary, and none

---

[2] The Racial Justice Act (RJA) was originally enacted through Assembly Bill No. 2542 (2019-2020 Reg. Sess.) and applied to those sentenced after January 1, 2021. Assembly Bill No. 256 (2021-2022 Reg. Sess.) provided retroactive application of the RJA in stages; those serving a prison sentence for a felony conviction, like Hamilton, were eligible for relief under the RJA beginning on January 1, 2024. Hamilton mailed his petition in December 2023, and it was stamped "filed" in January 2024.

of them apply to sentencing under the Three Strikes law." The court noted that although the Legislature has amended statutory provisions governing recall and resentencing procedures through Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (cited by Hamilton), that provision applies when the Secretary of the Department of Corrections and Rehabilitation has recommended that a court recall a sentence, which did not apply to Hamilton's case.

Addressing the claim pursuant to the RJA, the court found that Hamilton did not allege "facts triggering any relief under AB 256, which authorizes habeas petitions and, for those out of custody, postjudgment motions alleging racial or ethnic discrimination during sentencing, trial or the underlying criminal investigation. (See §§ 745, 1473(f), 1473.7.) Hamilton is still in custody, and he has not filed a habeas petition. In any event, he does not allege facts establishing a prima face case that discrimination somehow tainted his case. (See § 745(h)(2) [a 'prima facie showing' of discrimination denotes fact which, if true, establish a 'substantial likelihood' that a violation of the California Racial Justice Act occurred].) Aside from referencing a website for research that the United States Sentencing Commission performed, he offers no explanation as to how racial or ethnic discrimination could have impacted his case here in[] Sacramento County. Hence, the petition does not demonstrate the requisite substantial likelihood that a violation occurred."

Hamilton timely appealed.

## DISCUSSION

### *The Denial of the Motion for Relief Is Not Appealable*

On appeal, Hamilton admits many of the legislative amendments cited in his motion were not applicable to his case; he challenges only the court's ruling on the RJA claim. He contends that the trial court should have sua sponte recalled his sentence pursuant to section 1172.1, which would have made his conviction not final, rendering his motion for relief pursuant to the RJA an appropriate vehicle in which to request relief.

3

We begin by determining whether the trial court's order dismissing Hamilton's request for relief is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].) " 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) The Penal Code provides that an order after a judgment in a criminal case is appealable if it affects "the substantial rights of the party." (§ 1237, subd. (b).)

Accordingly, "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b)." (*People v. King* (2022) 77 Cal.App.5th 629, 639.) Here, the trial court's decision denying Hamilton's motion for relief under the RJA is not appealable because the trial court lacked jurisdiction to act on the motion he filed. (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 1000.)

The RJA precludes the state from seeking or obtaining a criminal conviction or sentence on the basis of race, ethnicity, or national origin. (§ 745, subd. (a).) It provides remedies upon proof of a violation for defendants in ongoing criminal prosecutions as well as for defendants whose convictions are final if they are eligible to seek relief under the applicable provisions of the statute. (§ 745, subds. (e) & (j).)

Under the subdivision of section 745 that describes the scope of the statute's application, incarcerated defendants such as Hamilton whose judgment is final are permitted to bring a claim pursuant to the RJA only in a petition for writ of habeas corpus pursuant to section 1473. (§ 745, subd. (j)(3) [RJA applies to a person who "at the time of the filing of a petition pursuant to subdivision (e) of Section 1473 raising a claim under this section . . . is currently serving a sentence in the state prison or in a county jail"]; cf. *People v. Wilson* (2024) 16 Cal.5th 874, 946 [subd. (j)(2) of the RJA applies to a person

4

who " 'at the time of the filing of a petition pursuant to subdivision [(e)] of Section 1473 raising a claim under this section . . . is sentenced to death' "]; see *In re Montgomery* (2024) 104 Cal.App.5th 1062, 1070 ["Sections 1473 and 1473.7 govern postjudgment assertions of RJA claims"], review granted Dec. 11, 2024, S287339.)  Because Hamilton was limited to seeking review under the RJA through a petition for a writ of habeas corpus, the trial court lacked jurisdiction to act on the motion that he filed and the court's order denying that motion is not appealable.  (*People v. Hodge, supra*, 107 Cal.App.5th at pp. 999-1000.)

Hamilton does not actually dispute this conclusion.  Rather, he presents a two-pronged attempt to work around this fact.  First, he contends that the trial court could have considered the motion for relief under the RJA if it had simply exercised its authority to recall his sentence pursuant to section 1172.1.  He notes that as of January 1, 2024—after he mailed the motion but before it was addressed by the trial court—Assembly Bill No. 600 (2023-2024 Reg. Sess.) amended section 1172.1 to authorize the court to recall his sentence on its own motion.  Hamilton further notes that if the court had done so, his case would no longer be final and, pursuant to section 745, subdivisions (b) and (j), his motion for relief pursuant to the RJA would have been authorized.  He contends, however, that the trial court's order denying his motion suggests the court did not understand its own discretion under section 1172.1 to recall Hamilton's sentence and that this "failure to exercise discretion is, in itself, an abuse of discretion."[3]  He further contends that once we remand the cause to the trial court for consideration as to whether

---

[3]  Hamilton acknowledges that he did not reference section 1172.1 or Assembly Bill No. 600 (2023-2024 Reg. Sess.) in his motion but contends that:  (1) because it was new law, he had no opportunity to add such a claim; and (2) it was the court that erred in failing to contemplate exercising its discretion to recall Hamilton's sentence for the purpose of being able to fully evaluate his RJA claim.

to recall Hamilton's sentence on its own motion, additional new legislation[4] allows the trial court to consider whether to appoint counsel who could then develop Hamilton's claim under the RJA, which he implicitly concedes currently fails to make a prima facie showing of a violation.

Hamilton contends that the court's failure to expressly decline to initiate resentencing on its own motion suggests it was unaware of its discretion to do so, which renders the order appealable. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court' "].) The general rule is that a trial court is presumed to have been aware of and followed the applicable law, in the absence of evidence to the contrary. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 398; *People v. Thomas* (2011) 52 Cal.4th 336, 361.) "These general rules concerning the presumption of regularity of judicial exercises of discretion apply to sentencing issues." (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496; see *id*. at p. 499.) "Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.)

Here, on its face, the trial court's order does not affirmatively demonstrate that it misunderstood its own authority. First, the trial court stated that it lacked jurisdiction to consider Hamilton's motion because none of the legislative changes to the sentencing provisions cited by Hamilton applied to his case. Hamilton does not dispute this

---

[4]    Assembly Bill No. 2483 (2023-2024 Reg. Sess.), effective January 1, 2025, created section 1171, which requires the trial court to develop a plan for handling a " 'postconviction proceeding' " defined as "a proceeding to modify a sentence or conviction pursuant to an ameliorative statute." (§ 1171, subd. (a); see § 1171, subd (b).) Statutory guidelines include consideration of whether to appoint counsel. (§ 1171, subd. (c)(1).)

conclusion. For that same reason, the trial court did not have jurisdiction to act on its own motion. "Section 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them *under certain* circumstances." (*People v. Hodge, supra*, 107 Cal.App.5th at p. 992, italics added.) A court can act on its own motion under section 1172.1 only if the applicable laws have subsequently changed since the time of the original sentencing. (§ 1172.1, subd. (a)(1) ["the court may, on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence"]; cf. *People v. Pritchett* (1993) 20 Cal.App.4th 190, 194-195 [finding the court had no jurisdiction to recall a sentence pursuant to former § 1170, subd. (d) for a reason other than one "rationally related to lawful sentencing"].) Indeed, the trial court's order essentially indicated as much when it found that to the extent it had jurisdiction to consider resentencing Hamilton, there were no identifiable changes in the law that impacted Hamilton's sentence under the One Strike and Three Strikes laws. Hamilton did not (and does not) assert any sentencing laws applicable to him have changed since his sentencing. "If they did not change, the trial court has no jurisdiction to act on its own motion." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 698 [concluding the trial court lacked its own motion jurisdiction where the applicable sentencing laws did not change since original sentencing].) Thus, regardless of whether the trial court's order reflects a consideration of such, the reality is that it had no authority to recall the sentence when there were no subsequent changes in the sentencing laws applicable to Hamilton.

Finally, we are not persuaded by Hamilton's claim that the RJA is a new sentencing law, which provided the trial court with jurisdiction to initiate reconsideration of his sentence on its own motion. The purpose of the RJA is "to swiftly and effectively address racial bias as soon as practical upon a defendant learning of an alleged violation." (*People v. Lashon* (2024) 98 Cal.App.5th 804, 815.) We acknowledge it provides remedies upon proof of a violation, including the modification of a sentence. (*People v.*

7

*Hodge, supra*, 107 Cal.App.5th at p. 999.) But the structure of the statute provides a remedy specific to a violation; it does not provide for a modification of a sentence upon any violation. (See *People v. Stubblefield* (2024) 107 Cal.App.5th 896, 924 ["Except as set forth in subdivision (k) of section 745, subdivision (e) mandates that if the court finds a violation of subdivision (a), the court 'shall impose' one of several enumerated remedies specific to the violation"], review granted Mar. 12, 2025, S289152.) And a modification of a sentence as a remedy for racial bias is not the same as a legislative amendment to sentencing statutes that either reduce the sentencing paradigm or provide new discretion in imposing a sentence. Thus, sentencing relief under the RJA does not represent a change in sentencing laws as contemplated by section 1172.1. (See § 1172.1, subd. (a)(2) [providing that in resentencing under this subdivision, the court "shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion"].)

In sum, we disagree with Hamilton's premise that the 2024 amendments to section 1172.1 make appealable the order following his unauthorized motion for relief under the RJA, simply because the amendments grant the trial court discretion to initiate a resentencing on its own motion. (Cf. *People v. Roy* (2025) 110 Cal.App.5th 991, 1001 [order stating that it " 'declines to make its own motion for recall and resentencing' " under § 1172.1 did not affect the defendant's substantial rights and thus is not appealable under § 1237, subd. (b)], petn. for review pending, petn. filed May 30, 2025, S291146.) We conclude that because the trial court had no jurisdiction to rule on a motion for relief under the RJA in Hamilton's case that is long since final, and because there had been no changes to the applicable sentencing law and the trial court thus did not have jurisdiction to recall Hamilton's sentence on its own motion under section 1172.1, the trial court's order is nonappealable.

8

**DISPOSITION**

The appeal is dismissed.

_____/s/_____

EARL, P. J.

We concur:

_____/s/_____

BOULWARE EURIE, J.

_____/s/_____

MESIWALA, J.