Filed 7/24/25  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## THIRD APPELLATE DISTRICT
### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101754 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F05242 ) |
| v. | |
| GORDON WILSON, | |
| Defendant and Appellant. | |

Defendant Gordon Wilson appeals from the trial court's order dismissing his request for recall and resentencing under Penal Code[1] section 1172.1.  His appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplemental brief arguing that his trial counsel provided ineffective assistance at his original trial, his habeas petitions in the federal court were erroneously denied, and that he has an end-stage disease that compels his resentencing.  We shall dismiss the appeal.

---

[1]     Further undesignated statutory references are to the Penal Code.

1

# I. BACKGROUND

In 2014, a jury found defendant guilty of 13 counts of lewd and lascivious acts on a minor who was seven or eight years old. (§ 288, subd. (a).) The trial court sentenced defendant to 27 years in state prison.

In 2024, defendant filed a petition seeking resentencing under section 1170.1. He raised a host of issues in that petition: ineffective assistance of trial counsel, diminished physical condition and age, being sentenced for multiple convictions for a single course of conduct, sentencing in violation of the Sixth Amendment, glaring errors in the transcript, and counsel's failure to object to amounts of fines.

In response to the petition, the trial court entered the following order: "The petition of defendant GORDON WILSON seeking recall of sentence and resentencing pursuant to California Penal Code § 1172.1[, subdivision] (a), is DISMISSED pursuant to . . . § 1172.1[, subdivision] (c) as a defendant is not entitled to file a petition seeking relief from the court under that section. [¶] Relief under . . . § 1172.1[, subdivision] (a) is only available upon the timely sua sponte motion of the court with jurisdiction in the case, or upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. The Court has not received a recommendation for recall and resentencing in the above-referenced action from an appropriate authorized agency. The Court, has not, and presently declines to, make its own motion for recall and resentencing in the action."

Defendant filed a timely notice of appeal.

# II. DISCUSSION

In *People v. Wende* (1979) 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a

brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court concluded the *Wende* process does not apply to a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) But the Supreme Court laid out applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id.* at p. 232.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not the type of postconviction order at issue here, the same principles apply, given that this was not defendant's first appeal as of right.

Before we can review the several claims raised in defendant's supplemental brief, however, we must determine whether the trial court's order dismissing defendant's request for relief is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b),

authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Here, the trial court's order dismissing defendant's request for resentencing under section 1172.1 is an "order made after judgment." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 994 (*Hodge*).) We turn to the question of whether the order is one "affecting the substantial rights" of defendant and conclude it does not.

Prior to 2024, former section 1172.1 permitted a trial court to recall the sentence of a committed defendant and resentence him or her in only two limited circumstances. First, the court could recall and resentence on its own motion "within 120 days of the date of commitment." (Former § 1172.1, subd. (a)(1).) Second, the court could recall and resentence "at any time upon the recommendation" of certain prison and prosecuting authorities, such as the Secretary of the Department of Corrections and Rehabilitation or the district attorney. (*Ibid.*)

Under that version of the statute, the consensus view was that an order denying a defendant's request for relief did not affect a defendant's substantial rights and was not appealable. Some courts concluded an order denying defendant's request could not affect his substantial rights because the trial court lacked jurisdiction to grant the relief requested where the trial court was asked to resentence more than 120 days after the defendant had been committed. (See, e.g., *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.) Other courts reasoned that an order denying the defendant's request did not affect his substantial rights because section 1172.1 did not authorize defendants to initiate the proceedings. (See, e.g., *People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.)

Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill No. 600), effective January 1, 2024 (Stats. 2023, ch. 446, § 2), amended section 1172.1. Section 1172.1, subdivision (a)(1), changed the rule and now permits a trial court to recall and resentence a defendant "on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case

4

law." Assembly Bill No. 600 also added section 1172.1, subdivision (c), which specifically provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

Thus, the trial court had jurisdiction to recall and resentence defendant in this case if it chose to do so. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) But section 1172.1 provides a well-recognized exception to this rule. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.) Assembly Bill No. 600 expanded this exception by authorizing trial courts to recall and resentence a defendant on their own initiative "at any time" if "the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) The sentencing laws have changed since defendant was sentenced in 2014.

While it is correct that, under section 1172.1, subdivision (c), a defendant is not authorized to file a petition seeking relief, we are not persuaded that this provision alone renders an order denying a defendant-initiated section 1172.1 request nonappealable. (See *Hodge*, *supra*, 107 Cal.App.5th at p. 996 ["defendant's lack of standing to file a [section 1172.1] petition for resentencing does not itself deprive the defendant of a substantial stake in the outcome"].)

Even so, we conclude that defendant's substantial rights are not affected by the challenged order because the trial court had no obligation to act on defendant's request, and indeed it chose not to exercise its discretion here. As noted *infra*, section 1172.1, subdivision (c), states that "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." The Court of Appeal in *Hodge*, *supra*, 107 Cal.App.5th at page 996, concluded that this second sentence of section 1172.1,

5

subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing."  The court explained that this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond.  It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling.  The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one."  (*Hodge*, at p. 996.)

Here, the trial court entered an order stating that it "has not, and presently declines to, make its own motion for recall and resentencing in the action" under section 1172.1. As a result, this postjudgment order did not affect defendant's substantial rights and is not appealable under section 1237, subdivision (b).

## III.  DISPOSITION

The appeal is dismissed.

/s/_____
WISEMAN, J.*

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
KRAUSE, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6