Filed 12/11/25  P. v. Welch CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

ALBERT ALEXANDER WELCH,

      Defendant and Appellant.

E085655

(Super.Ct.No. FVA03949)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Albert Alexander Welch in pro. per.; and Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Albert Alexander Welch appeals the denial of his "Request for Recall of Sentence and Resentencing pursuant to Assembly Bill 600 and Penal Code Section 1172.1."{CT 25-132}  After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Welch filed his own supplemental brief.  We dismiss.

BACKGROUND

In 1995, a jury convicted Welch of robbery (Pen. Code § 211) [1] and found true two additional allegations, including that he had a previous conviction for a serious or violent felony.{CT 7-10}  (§§ 12022, subd. (a)(1), 667 subd. (b)-(i).)

In August 2024 Welch filed a "Request for Recall of Sentence and Resentencing pursuant to Assembly Bill 600 and Penal Code Section 1172.1."{CT 25-132}  In January 2025 the court held a hearing on the petition and stated "the court is not required [to] respond to the petition.  The Court is not using it's [sic] discretion to respond to the petition."{CT 138}  Welch appealed.{CT 139}

ANALYSIS

On Welch's request, we appointed counsel to represent him on appeal.  Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*.[2]  (*Delgadillo*, *supra*, 14 Cal.5th at

_____

[1] Unlabeled statutory citations refer to the Penal Code.

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

2

pp. 227, 231.) Nevertheless, the appellate court is to inform the defendant that they may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Welch's appeal presented no arguable issues, we offered Welch an opportunity to file a personal supplemental brief, and he did.

Welch's supplemental brief recites his commitment to restorative and rehabilitative justice and to bettering himself while incarcerated. While we commend his efforts and implore him to continue them, his brief does not raise any cognizable legal arguments regarding any claimed error. Therefore, we interpret his supplemental brief as arguing the trial court erred when it took no action on his request for resentencing under section 1172.1.

Under section 1172.1, a court may recall a sentence and resentence a defendant on the recommendation of certain identified persons. That is, a "court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated

3

in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1).) In 2024, Assembly Bill No. 1754 (2023-2024 Reg. Sess.; Stats 2023 ch. 131, § 157) amended the section to expand the court's ability to recall and resentence a defendant on its own motion. Now a court may recall a sentence on its own motion within 120 days "or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) This "may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (*Ibid.*)

Thus, only a court, the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General may recommend or otherwise seek resentencing under section 1172.1.

Because of this, courts considering former section 1170, subdivision (d)(1)— which used to contain the resentencing provisions now contained in section 1172.1— "have uniformly held that an order *denying* a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.) Indeed,

4

section 1172.1 contains a provision stating "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) Because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.).

Accordingly, we dismiss the appeal.

### DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____

J.

We concur:


RAMIREZ _____

P. J.


FIELDS _____

J.

5