Filed 4/23/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100925 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F08588) |
| v. | |
| DAVID ROY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Bunmi O. Awoniyi, Judge. Appeal dismissed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant David Roy appeals from the trial court's order dismissing his request for recall and resentencing under Penal Code section 1172.1.[1]  His appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Defendant's opening brief indicated there may be a question as to the appealability of the order.  We ordered supplemental briefing on whether the trial court's dismissal was appealable as a postjudgment order affecting defendant's substantial rights under section 1237, subdivision (b).  Courts have previously concluded, under prior versions of section 1172.1, that such an order is not appealable because the trial court lacked jurisdiction to grant the relief requested and defendant lacked standing to initiate recall and resentencing proceedings in the trial court.  We now conclude that these reasons for nonappealability no longer apply given the recent amendments to section 1172.1 and our Supreme Court's decision in *People v. Loper* (2015) 60 Cal.4th 1155 (*Loper*).  That said, we still find that a trial court order denying or dismissing a defendant-initiated request under section 1172.1 is not appealable because the trial court had no statutory obligation to act on defendant's request and thus the order did not affect a defendant's substantial rights under section 1237, subdivision (b).  In so holding, we adopt the reasoning of the Second District Court of Appeal in *People v. Hodge* (2024) 107 Cal.App.5th 985 (request for

_____

[1]    Undesignated section references are to the Penal Code.  Section 1172.1 has been substantively amended and renumbered numerous times in recent years.  A prior version of section 1172.1 was formerly codified in section 1170, subdivision (d)(1).  Assembly Bill No. 1540 (2021-2022 Reg. Sess.), effective January 1, 2022 (Stats. 2021, ch. 719), amended section 1170, subdivision (d)(1) and relocated it to section 1170.03.  Section 1170.03 was subsequently renumbered to section 1172.1, without substantive change, by Assembly Bill No. 200 (2021-2022 Reg. Sess.), effective June 30, 2022 (Stats. 2022, ch. 58, § 9).  Most recently, Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill No. 600), effective January 1, 2024 (Stats. 2023, ch. 446, § 2) further amended section 1172.1 in critical respects, as discussed in this opinion.

depublication filed Mar. 4, 2025, S289526) (*Hodge*), which arrived at the same conclusion.

Accordingly, defendant's appeal of the trial court's order dismissing his request for relief under section 1172.1 is dismissed.

BACKGROUND

In 2006, a jury found defendant guilty of robbery (§ 211) and assault with a firearm (§ 245, subd. (a)(2)). The jury found true that defendant personally used a firearm when committing the robbery (§ 12022.53, subd. (b)) and that defendant had suffered three prior convictions. The trial court sentenced defendant to 25 years to life for the robbery due to defendant's prior strikes, 10 years for the firearm enhancement, and five years for having a prior serious felony conviction (§ 667, subd. (a)). The court stayed the sentence for the assault conviction.

In 2024, defendant petitioned for resentencing under the recently amended section 1172.1. The trial court issued a written order dismissing the request. The court explained: "The request is DISMISSED pursuant to Penal Code section 1172.1, subdivision (c), as a defendant is not entitled to file a petition seeking relief from the court under that section. [¶] Relief under Penal Code section 1172.1, subdivision (a) is only available upon the timely sua sponte motion of the court with jurisdiction in the case, or upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case. The court has not received a recommendation for recall and resentencing in the above-referenced action from an appropriate authorized agency. The court declines to make its own motion for recall and resentencing. [¶] For the foregoing reasons, the defendant's

3

petition seeking recall of the sentence and resentencing pursuant to Penal Code section 1172.1, subdivision (a) is DISMISSED."

Defendant timely appealed.

## DISCUSSION

Before we can examine whether any arguable errors exist that would result in a disposition more favorable to defendant, we must first determine whether the trial court's order dismissing defendant's request for relief is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*Loper, supra*, 60 Cal.4th at p. 1159.) Section 1237, subdivision (b) authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Here, the parties do not dispute that the trial court's order dismissing defendant's request for resentencing under section 1172.1 is an "order made after judgment." We agree. (See *Hodge, supra*, 107 Cal.App.5th at p. 994 ["[C]ourts in criminal cases have treated written decisions denying postjudgment requests for resentencing as 'orders' under section 1237"].) The pertinent question is therefore whether the order is one "affecting the substantial rights" of defendant.

Prior to 2024, former section 1172.1 permitted a trial court to recall the sentence of a committed defendant and resentence him or her in only two limited circumstances. First, the court could recall and resentence on its own motion "within 120 days of the date of commitment." (Former § 1172.1, subd. (a)(1).) Second, the court could recall and resentence "at any time upon the recommendation" of certain prison and prosecuting authorities, such as the Secretary of the Department of Corrections and Rehabilitation

4

(the Secretary) or the district attorney.  (*Ibid*.)  The statute did not expressly permit defendants to request relief themselves.

Under this version of the statute, the consensus view was that an order denying a defendant's request for relief did not affect a defendant's substantial rights and was thus not appealable.  Courts offered two rationales for this conclusion.  First, in cases where the trial court was asked to resentence more than 120 days after the defendant had been committed, appellate courts concluded that an order denying defendant's request could not affect his substantial rights because the trial court lacked jurisdiction to grant the relief requested.  (See *People v. Chlad (*1992) 6 Cal.App.4th 1719, 1726 (*Chlad*) ["[S]ince we have concluded the trial court no longer had jurisdiction to recall Chlad's sentence when it issued the order denying his motion, denial of the motion could not have affected Chlad's substantial rights"]; cf. *People v. King* (2022) 77 Cal.App.5th 629, 634 [" '[I]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed' "].)  Second, the courts reasoned that an order denying the defendant's request did not affect his substantial rights because section 1172.1 did not authorize defendants to initiate the proceedings.  This view is set forth in cases such as *People v. Pritchett* (1993) 20 Cal.App.4th 190, where the court explained:  "[C]ourts have uniformly held that an order denying a defendant's request to resentence . . . is not appealable as an order affecting the substantial rights of the party.  This is because the defendant has no right to request such an order in the first instance; consequently, his 'substantial rights' cannot be affected by an order denying that which he had no right to request."  (*Id*. at p. 194, italics omitted; see also *Chlad,* at p. 1725 [because a defendant " 'has no standing to make a motion for recall of sentence . . . the denial of such a motion is not one which affects the substantial rights of the defendant within the meaning of Penal Code section 1237' "].)

5

Assembly Bill No. 600, effective January 1, 2024, amended section 1172.1 in several relevant respects. As amended, section 1172.1, subdivision (a)(1) now permits a trial court to recall and resentence a defendant "on its own motion . . . *at any time* if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (Italics added.) Assembly Bill No. 600 also added section 1172.1, subdivision (c), which specifically provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

Against this backdrop, we directed the parties to submit supplemental briefing addressing the following question: "Is the trial court's March 19, 2024, order dismissing the defendant's petition for recall of sentence and resentencing pursuant to Penal Code section 1172.1, an appealable order under Penal Code section 1237, subdivision (b)?" We requested that the parties' supplemental briefs "include a discussion of whether the trial court had jurisdiction to rule on defendant's petition."

The parties agree, as do we, that the trial court had jurisdiction to recall and resentence defendant in this case. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Section 1172.1 provides a well-recognized exception to this rule. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.) Assembly Bill No. 600 significantly expanded this exception by authorizing trial courts to recall and resentence a defendant on their own initiative "at any time" so long as "the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) There is no dispute here that the sentencing laws have changed in relevant respects since defendant was sentenced in 2006. For example, former section 12022.53, subdivision (h) previously stated that "the court shall not strike an allegation under this section." Senate Bill No. 620 (2017-2018 Reg. Sess.), effective January 1, 2018, amended this provision,

6

which now states that "[t]he court may, in the interest of justice . . . strike or dismiss an enhancement otherwise required to be imposed by this section."  (§ 12022.53, subd. (h).)

While conceding that the trial court had jurisdiction to recall and resentence defendant, the People maintain that since defendant's "petition was unauthorized, the court's dismissal of it did not affect [his] substantial rights."  Although section 1172.1 does state that a defendant is "not entitled" to petition the court for relief, a defendant is not forbidden altogether from raising the issue with a court.[2]  This observation finds some support in a recent statement by our Supreme Court (issued by Justice Evans and joined by all justices except the Chief Justice) on the denial of a petition for review.  (See *Baker v. Superior Court of San Mateo County* (S286009, petn. for review den. Oct. 2, 2024 (conc. statement of Evans, J.)) 2024 WL 4379679, at *1 [explaining that, as to defendant-initiated section 1172.1 petitions, "[d]efendants, although not expressly permitted to initiate recall and resentencing themselves, may nonetheless be able to 'invite' the court to exercise its discretionary powers"].)

While it is correct that, under section 1172.1, subdivision (c), a defendant is not authorized to file a petition seeking relief, we are not persuaded that this provision alone renders an order denying a defendant-initiated section 1172.1 request nonappealable.  (See *Hodge, supra*, 107 Cal.App.5th at p. 996, fn. omitted ["the holding in *Loper* means that the defendant's lack of standing to file a [section 1172.1] petition for resentencing does not itself deprive the defendant of a substantial stake in the outcome"].)

We nonetheless conclude that defendant's substantial rights are not affected by the challenged order because the trial court had no obligation to act on defendant's request. The second sentence of section 1172.1, subdivision (c) plainly states that "[i]f a

---

**2**      The second sentence of section 1172.1, subdivision (c) anticipates that defendants might "request[] consideration for relief under this section"—before making it clear that "the court is not required to respond" if a defendant does so.

7

defendant requests consideration for relief under this section, *the court is not required to respond*." (Italics added.) If the trial court is not required to act in response to a defendant's request, then defendant has no right to a decision as to whether the trial court will make its own motion to recall and resentence.

The Court of Appeal in *Hodge*, *supra*, 107 Cal.App.5th 985, similarly concluded that the second sentence of section 1172.1, subdivision (c) "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing." (*Hodge*, at p. 996.) The court explained that this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no right to demand that the trial court actually make such a decision. If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Ibid.*)

The *Hodge* court further explained: "A contrary holding would result in an unprincipled and arbitrary rule governing the appealability of trial court decisions on defendants' requests for relief under section 1172.1. As discussed, a trial court is not required to issue any order in response to a defendant's request for resentencing. If a trial court does nothing—in effect denying a defendant's request through silence—there will be no order for a defendant to appeal. However, if any order denying a defendant's request for resentencing under section 1172.1 is appealable, a trial court order simply informing a defendant that it intends to do nothing (such as the trial court issued here) would create a right to appeal. It seems unlikely that the Legislature intended such an irrational and arbitrary result." (*Hodge*, *supra*, 107 Cal.App.5th at p. 996.) We agree with this reasoning.

8

We find *Loper* distinguishable from the present case. In that case, the Secretary recommended that the defendant's sentence be recalled pursuant to section 1170, subdivision (e) and that he be granted compassionate release for medical reasons. (*Loper*, *supra*, 60 Cal.4th at p. 1158.) The trial court denied the Secretary's recommendation. (*Id*. at p. 1159.) Defendant appealed and the Court of Appeal dismissed the matter, concluding that "because 'a defendant has no right to apply to the court for an order recalling the sentence on compassionate release grounds,' his 'substantial rights are not affected by the trial court's order denying recall of his sentence.' " (*Id*. at p. 1161.) Our Supreme Court granted review to consider whether the denial of the Secretary's recommendation was an order appealable by defendant under section 1237, subdivision (b). (*Loper*, at p. 1159.) There, as here, the statutory scheme did not authorize a defendant to initiate compassionate release proceedings. (*Id*. at p. 1161.) Nonetheless, our Supreme Court concluded that the trial court's denial of the Secretary's recommendation was appealable. (*Id*. at p. 1158.) The court explained: "[S]ection 1237, subdivision (b) is not tied to standing or the identity of the moving party. Instead, it permits a party to appeal '*any* order' (italics added) made after judgment if it affects that party's 'substantial rights.' . . . Here the plain meaning of section 1237's use of the phrase 'any order' shows the Legislature did not intend to limit appealability to parties who had standing to bring the original motion." (*Id*. at p. 1162.)

The compassionate release statute in *Loper required* the trial court to exercise its discretion on the ultimate issue once the Secretary submitted its recommendation. (See former § 1170, subd. (e)(3) [requiring that, within 10 days of receiving a recommendation, "the court shall hold a hearing to consider whether the prisoner's sentence should be recalled"].) Here, in contrast, the petition filed by defendant is best viewed as merely inviting the court to consider whether it wishes to exercise its discretion under section 1172.1. (See *Hodge, supra*, 107 Cal.App.5th at p. 998 [explaining that, if such orders were appealable "there would be nothing for this court to review on appeal"

9

as "the trial court did not make a sentencing decision: It simply declined to reconsider a decision it had already made"].)

Urging a contrary conclusion, defendant cites to our Supreme Court's decision in *People v. Carmony* (2004) 33 Cal.4th 367. There, the trial court denied the defendant's *Romero*[3] motion to dismiss his prior strikes under section 1385. (*Carmony,* at p. 371.) Our Supreme Court granted review to resolve a split in the Courts of Appeal regarding the standard of review for the denial of a *Romero* motion. (*Id.* at p. 374.) On one side of the split, an appellate court had held that only limited appellate review was available in these circumstances. (*Ibid.*) That court reasoned that because " '[s]ection 1385 does not confer a motion or right to relief upon the defendant' " and because " 'a trial court is under no obligation to rule on such a "motion" ' " it " 'follows that if the court does not exercise its power to dismiss or strike, there is no review available to defendant on appeal.' " (*Id.* at p. 375.) Our Supreme Court rejected this reasoning: "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385. But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' " (*Ibid.*)

We find that *Carmony, supra*, 33 Cal.4th 367 does not control the outcome here for several reasons. First, *Carmony* was an appeal from a final judgment of conviction in which our Supreme Court addressed the standard of review for the denial of a prejudgment sentencing motion. *Carmony* did not concern appealability under section 1237, subdivision (b) and did not interpret what it means for a postjudgment order to affect a defendant's "substantial rights" under that provision. Second, a *Romero* motion

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

arises in the distinct context in which the trial court will ultimately exercise its discretion by imposing judgment on defendant. The sentence imposed by the court will necessarily reflect a trial court's decision on whether to dismiss any prior strike convictions— regardless of whether the court formally issued a statement of reasons for not dismissing the strikes. (See *Carmony,* at p. 376 ["The absence of such a requirement [to rule] merely reflects the legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the three strikes law"].) Given the specific context in which *Carmony* was decided, we do not understand the case as setting forth the broad proposition that a trial court's obligation to issue a ruling has no bearing on the question of appealability, particularly in a postjudgment setting.

In this case, the trial court entered an order stating that it "declines to make its own motion for recall and resentencing" under section 1172.1. For the reasons discussed, we conclude that this postjudgment order did not affect defendant's substantial rights and thus is not appealable under section 1237, subdivision (b).

## DISPOSITION

The appeal is dismissed.

_____\s\_____,
Krause, J.

We concur:

\_\_\_\_\_\s\_____,
Robie, Acting P. J.

\_\_\_\_\_\s\_____,
Feinberg, J.

11