Filed 7/7/25  P. v. Fields CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DOUGLAS EUGENE FIELDS,<br><br>        Defendant and Appellant. | E085033<br><br>(Super.Ct.No. RIF078988)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Dismissed.

Douglas Eugene Fields in pro. per.; and Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Douglas Eugene Fields appeals the denial of his "Petition for A.B. 600 on Writ of Habeas Resentencing Motion." After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Fields filed his own supplemental brief. We dismiss.

BACKGROUND

In 2001 Fields pleaded guilty to second degree murder (Pen. Code § 187, subd. (a))[1] and child neglect (§ 273a, subd. (a)). Under the plea deal, Fields was sentenced to an aggregate term of five years plus a consecutive term of 15 years to life.

In 2024 Fields filed a petition on his own behalf titled "Petition for A.B. 600 on Writ of Habeas Resentencing Motion," citing various portions of section 1172.1 but not requesting any specific relief. The court denied his petition without a hearing, stating in its minute order that it interpreted the petition as a petition under section 1172.1, subdivision (c), which had an "improper format." Fields appealed.

ANALYSIS

On Fields's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*.[2] (*Delgadillo*, *supra*, 14 Cal.5th at

_____

[1] Unlabeled statutory citations refer to the Penal Code.

[2] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

2

pp. 227, 231.)  Nevertheless, the appellate court is to inform the defendant that they may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)  "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*)  "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*)  Here, after appellate counsel filed a brief notifying us Fields's appeal presented no arguable issues, we offered Fields an opportunity to file a personal supplemental brief, and he did.

Fields's supplemental brief again fails to make any specific request for relief. Instead, it cites a number of cases, statutes, and constitutional principles without specifying how these cases, statutes, and constitutional principles apply to his case.  Read as liberally as possible in his favor, his supplemental brief argues that he is entitled to sentencing relief because of recent changes in the law.  But the supplemental brief does not identify any specific ameliorative relief offered by these changes to which Fields is entitled.

For instance, Fields cites section 1170.03—which has been renumbered to section 1172.1—which allows a court to recall a sentence and resentence a defendant on its own within 120 days of the judgment, or at any time upon the recommendation of certain identified parties.  (§ 1172.1, subd. (a)(1).)  But defendants themselves have no

3

right to request such resentencing. (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.) A similar restriction applies to resentencing under section 1172.75, which Fields also cites. That statute requires not only that the defendant be serving a judgment which contains a now invalid prior prison enhancement (which Fields's judgment does not contain) but also requires the California Department of Corrections and Rehabilitation to initiate the resentencing. (§ 1172.75, subds. (a)-(b).) "[S]ection 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements." (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448.)

Nor do changes to how current defendants must be sentenced apply to Fields, who is serving a sentence he agreed to and who has not raised any grounds for resentencing. Fields cites changes to section 1170 which require courts to consider certain mitigating factors before sentencing defendants. But these changes necessarily apply only to defendants sentenced (or resentenced) following the effective date of the statutory changes. Fields was sentenced over 20 years ago and there is no reason to believe he is entitled to be resentenced, so these changes do not apply to him.

Because the petition Fields is appealing is ostensibly a petition for resentencing under section 1172.1, we must dismiss his appeal. "A defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition . . . does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed

4

in response to a defendant's attempt to seek resentencing under section 1172.1." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)

## DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


CODRINGTON
Acting P. J.


MENETREZ
J.