Filed 12/15/25  P. v. Ezell CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROY EZELL,<br><br>    Defendant and Appellant. | E085824<br><br>(Super.Ct.No. FWV1405025)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  R. Glenn Yabuno, Judge.  Dismissed.

Roy Ezell in pro. per.; and Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Roy Ezell appeals the denial of his "Motion for Recall of Sentence Pursuant to Penal Code §§ 1172.1 & 1172.75." After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Ezell filed his own supplemental brief. We dismiss.

BACKGROUND

In 2016, a jury convicted Ezell of first degree burglary (Pen. Code §§ 459, 460)[1] and vehicle theft (Veh. Code § 10851, subd. (a)). The court then found true three prior convictions, two of which qualified for imposition of an enhancement under section 667.5, subdivision (b), and one of which qualified for an enhancement under section 667.5, subdivision (a)(1). The trial court imposed but stayed the section 667.5, subdivision (b) enhancements. However, after his direct appeal, we remanded the case to the trial court "for the limited purpose of allowing the trial court to resentence defendant on his two prior prison term enhancements." (*People v. Ezell* (May 30, 2018, E065381) [nonpub. opn.].) Upon remand the trial court dismissed the two section 667.5, subdivision (b) enhancements.

In June 2024 Ezell filed a "Motion for Recall of Sentence Pursuant to Penal Code §§ 1172.1 & 1172.75." The court held a hearing on the motion in March 2025, where counsel for Ezell conceded that section 1172.75 did not apply to Ezell. Later that month, the court issued a written ruling denying Ezell any relief under either section 1172.1 or 1172.75.

---

[1] Unlabeled statutory citations refer to the Penal Code.

ANALYSIS

On Ezell's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant has no constitutional right to independent review under *Anders/Wende*.[2] (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.) Nevertheless, the appellate court is to inform the defendant that they may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.) "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned." (*Ibid.*) "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter." (*Ibid.*) Here, after appellate counsel filed a brief notifying us Ezell's appeal presented no arguable issues, we offered Ezell an opportunity to file a personal supplemental brief, and he did.

Ezell's supplemental brief claims the trial court made a number of procedural errors, though the brief primarily focuses on its error in denying his motion and failing to resentence him under either section 1172.1 or 1172.75. We need not address these

---

[2] *Anders v. California* (1967) 386 U.S. 738 (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

arguments because Ezell has no standing to bring a request for resentencing under either sections 1172.1 or 1172.75.

Under section 1172.1, a court may recall a sentence and resentence a defendant on the recommendation of certain identified persons. That is, a "court may, within 120 days of the date of commitment on its own motion, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1).) In 2024, Assembly Bill No. 1754 (2023-2024 Reg. Sess.; Stats 2023 ch. 131, § 157) amended the section to expand the court's ability to recall and resentence a defendant on its own motion. Now a court may recall a sentence on its own motion within 120 days "or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) This "may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (*Ibid.*)

Thus, only a court, the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a

4

district attorney, or the Attorney General may recommend or otherwise seek resentencing under section 1172.1.

Because of this, courts considering former section 1170, subdivision (d)(1)—which used to contain the resentencing provisions now contained in section 1172.1—"have uniformly held that an order *denying* a defendant's request to resentence pursuant to section 1170 subdivision (d) is not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance." (*People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.) Indeed, section 1172.1 contains a provision stating "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) Because "[a] defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if he nevertheless files one. . . . We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696.)

Similar reasoning applies to bar relief under section 1172.75. "[S]ection 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements." (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448 (*Escobedo*).) "[T]he Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the [trial] court in advance

5

of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant. [Citation.] Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384 (*Burgess*).) When a defendant appeals the denial of such a motion, the appropriate remedy is to dismiss. (See *Burgess*, at p. 385; *Escobedo*, at p. 452.)[3]

Finally, even if we were able to consider Ezell's request for resentencing under section 1172.75 on the merits, section 1172.75 would offer him no relief. Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b) before January 1, 2020, and permits courts to resentence defendants serving terms that include such enhancements. Ezell's sentence does not include any prior prison term enhancement; though it did at one point, the court dismissed those enhancements following his 2018 appeal. Thus section 1172.75 offers him no relief.

Accordingly, we dismiss the appeal.

---

[3] Other cases have held that a court may consider an unauthorized motion on its merits if the CDCR has notified the court the defendant is eligible for relief. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 333 [disagreeing "with *Escobedo* to the extent that case suggests that a court lacks jurisdiction to resentence a defendant who has been identified by the [CDCR] as eligible for resentencing pursuant to section 1172.75 simply because that defendant also has filed a motion for such relief."].) Those cases do not apply here, as Ezell is categorically ineligible for relief.

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                    
                                                    J.

We concur:


RAMIREZ                    
                    P. J.


FIELDS                    
                    J.