Filed 2/9/26  P. v. Randhawa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C103138 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2004-0009433) |
| v. | |
| RAJWINDER SINGH RANDHAWA, | |
| Defendant and Appellant. | |

Defendant Rajwinder Singh Randhawa appeals from the trial court's correspondence declining to address his request for recall and resentencing under Penal Code[1] section 1172.1.  Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplemental brief arguing the trial court had discretion under section 1385 to dismiss a firearm use enhancement and resentence him.  Because the trial court's correspondence is not an

---

[1]      Undesignated section references are to the Penal Code.

1

appealable post-judgment order and does not otherwise affect defendant's substantial rights, we will dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, a jury found defendant guilty of attempted murder (§§ 187, subd. (a), 664) and found true the allegation that defendant personally inflicted great bodily injury with a firearm (§ 12022.53, subd. (d)).  The trial court sentenced defendant to an indeterminate prison term of 28 years and a determinate term of nine years.

In 2024, defendant filed a petition seeking resentencing under section 1172.1, which asked the trial court to dismiss the firearm use enhancement.  In response to the petition, the trial court sent defendant signed correspondence, which states in relevant part:

"Prior to the enactment of Assembly Bill No. 600 (2023-2024 Reg. Leg. Sess.) ('AB 600') a court's authority to recall a defendant's sentence pursuant to [former section 1172.1] was limited to the period of 120 days from the date the defendant was committed to the custody of the Department of Corrections and Rehabilitation ('CDCR').  Effective January 1, 2024, AB 600 amended [section 1172.1] to allow the court, in addition to that 120-day period, to also recall a sentence 'at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'  In either situation, the recall is initiated by the court, on its own motion, not by the defendant.  In fact, [section 1172.1, subdivision (c)] states:  [¶]  A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond.  [¶]  No action has been initiated by the court, on its motion, to recall your sentence at this time.  If the court decides to initiate such action in the future, you will be notified."

Defendant filed a timely notice of appeal.

DISCUSSION

In *People v. Wende, supra*, 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court concluded the *Wende* process does not apply to a trial court's order denying a petition for postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases: where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to independently review the entire record to identify unraised issues, although it may exercise its discretion to do so. (*Id.* at p. 232.)

*Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) Although this is not the type of postconviction order at issue here, the same principles apply, given that this was not defendant's first appeal as of right.

Before we can review the claim in defendant's supplemental brief, however, we must first determine whether the trial court's correspondence regarding defendant's request for relief is appealable. (See *People v. Clark* (2021) 67 Cal.App.5th 248, 254 ["Because an appealable judgment or order is essential to appellate jurisdiction, the appellate court must consider the question of appealability sua sponte, and dismiss the appeal if the judgment or order is found to be nonappealable"].)

3

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Section 1237, subdivision (b), authorizes criminal defendants to appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." Here, at best, the trial court's correspondence is an "order made after judgment" that dismisses defendant's request for resentencing under section 1172.1. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 994 (*Hodge*).) We turn to the question of whether the trial court's correspondence is a post-judgment order "affecting the substantial rights" of defendant and conclude it is not. (*Id.* at p. 987.)

"Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) But section 1172.1 provides a well-recognized exception to this rule. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 10.) Prior to 2024, former section 1172.1 permitted a trial court to recall the sentence of a committed defendant and resentence him or her in only two limited circumstances. First, the court could recall and resentence on its own motion "within 120 days of the date of commitment." (Former § 1172.1, subd. (a)(1).) Second, the court could recall and resentence "at any time upon the recommendation" of certain prison and prosecuting authorities, such as the Secretary of the Department of Corrections and Rehabilitation or the district attorney. (*Ibid.*)

Under that version of the statute, the consensus view was that an order denying a defendant's request for relief did not affect a defendant's substantial rights and was not appealable. Some courts concluded that an order denying defendant's request could not affect his substantial rights because the trial court lacked jurisdiction to grant the relief requested, where the trial court was asked to resentence more than 120 days after the defendant had been committed. (See, e.g., *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.) Other courts reasoned that an order denying a defendant's request did not affect

4

his substantial rights because section 1172.1 did not authorize defendants to initiate the proceedings. (See, e.g., *People v. Pritchett* (1993) 20 Cal.App.4th 190, 194.)

Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill No. 600), effective January 1, 2024 (Stats. 2023, ch. 446, § 2), amended section 1172.1 to permit a trial court to recall and resentence a defendant "on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) Assembly Bill No. 600 also added section 1172.1, subdivision (c), which specifically provides that "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."

Because the sentencing laws have changed since defendant was sentenced in 2012, the trial court here had jurisdiction to recall and resentence defendant. However, the trial court declined to do so.

Even if we construed the trial court's correspondence to defendant as an order, we conclude that defendant's substantial rights are not affected by the correspondence because the trial court had no obligation to act on defendant's request, and indeed it chose not to exercise jurisdiction here. As noted *ante*, section 1172.1, subdivision (c), states that, "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." We agree with the *Hodge* court that this second sentence of section 1172.1, subdivision (c), "undermine[s] any claim that defendants have a substantial right at stake when they file an unauthorized [section 1172.1] request for resentencing." (*Hodge, supra*, 107 Cal.App.5th at p. 996.) As the *Hodge* court explained, this provision "excuses the trial court from any responsibility to rule on such a request, or even to respond. It follows that a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling. The defendants may have a liberty interest at stake in any decision as to whether they should remain incarcerated. But a defendant has no

5

right to demand that the trial court actually make such a decision.  If the defendant has no right to a decision, the trial court's choice not to make one does not deprive the defendant of any right, much less a substantial one." (*Ibid.*)

Here, the trial court's correspondence to defendant stated, "the recall is initiated by the court, on its own motion, not by the defendant. . . .  [¶]  [¶]  No action has been initiated by the court, on its motion, to recall your sentence at this time.  If the court decides to initiate such action in the future, you will be notified."  Because the court's correspondence was not a post-judgment order and the trial court chose not to exercise jurisdiction regarding defendant's petition, defendant's substantial rights were not affected, and it is not appealable under section 1237, subdivision (b).

DISPOSITION

The appeal is dismissed.

\\s\\ ,
Krause, J.

We concur:

\\s\\ ,
Robie, Acting P. J.

\\s\\ ,
Duarte, J.